■ In the Matter of EDWIN H. STARR, Respondent, v FRANK J. MACCHIAROLA, as Chancellor of the Board of Education of the City of New York, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to compel the Chancellor and Board of Education of the City of New York to appoint petitioner to the position of Teacher Assigned, Television Program and Production Coordinator for WNYE-TV, Center for Library, Media and Telecommunications, the appeal (by permission) is from a judgment of the Supreme Court, Kings County, dated September 6, 1979, which, *inter alia,* held that appointment of Amy Sue Licameli was illegal, that the position in question was vacant, and that the appellants should process petitioner's application. Judgment reversed, on the law and the facts, without costs or disbursements, Amy Sue Licameli is reinstated, and the proceeding is dismissed on the merits. Petitioner challenges the appointment of Amy Sue

Licameli to the position of Teacher Assigned, Television Program and Production Coordinator for WNYE-TV, Center for Library, Media and Telecommunications. Petitioner alleges that he was the most qualified applicant, or at least as qualified, and more senior, than Ms. Licameli, and that she was appointed only because of the personal bias and improper influence of Jerry Silverstein, the supervisor of programming and production for WNYE. The referee so found, after a hearing, and sustained the petition. We reverse. Having determined that the position of Television Program and Production Coordinator should be characterized as a "teaching" position, appellants embarked upon an elaborate selection process which involved interviews of 10 semifinalists. Based upon these interviews, Ms. Licameli was ranked first, whereas petitioner was ranked third. The rating was made by a committee of four persons, one of whom was Mr. Silverstein, which then forwarded its recommendation to the Executive Director, Division of Education Planning and Support. The members of the committee voted independently, and were unanimous in their rating of Ms. Licameli. This was based upon her extensive experience in television programming, which would be the bulk of her responsibilities in the subject position. By contrast, the petitioner's experience was primarily in the field of radio. Although there is no question that Mr. Silverstein had previously interviewed Ms. Licameli for the position before it was characterized as a teaching position, and believed her to be exceptionally well qualified, there is no persuasive evidence on the record that he was either personally biased in her favor or attempted to improperly influence the other members of the committee. Nor does the record demonstrate that Silverstein had any personal influence with the executive director who made the final determination appointing Ms. Licameli. It is noted that Silverstein has known the petitioner since 1960 and that they had worked together on numerous occasions. There is no suggestion of any discord between them prior to the instant controversy. The referee's finding of bias is necessarily premised entirely upon Silverstein's admitted intention of hiring Ms. Licameli as a provisional employee. However, this is an insufficient predicate on which to find bias once the decision had been made to open the position to qualified teachers. Certainly, the involvement of Silverstein in the selection process of the individual whom he would supervise is not improper. Nor should he have been per se excluded from the process merely because he had previously interviewed the final appointee and believed that she was extremely well qualified. It is apparent that the selection procedure was fairly designed and gave equal consideration to all candidates. The record leaves no doubt that petitioner's application was fully considered and he was rated third out of the original total number of 30 applicants. It is, therefore, unnecessary to direct that his application be considered *ab initio*. In this regard, the appellants' administrative determination that petitioner was ineligible for consideration is wholly without effect. As to the propriety of the appellants' selection, the record leaves no doubt that the subject position was primarily in the area of television. Consequently, it was not unreasonable for the appellants to have placed greater value on Ms. Licameli's extensive television experience than they did on the petitioner's background, which is primarily in the area of radio. It would be improper to substitute our judgment in making such an administrative evaluation. It is therefore apparent that the appointment was not arbitrary and capricious. Accordingly, the petition should be dismissed and the appointee reinstated. Hopkins, J. P., Rabin, Cohalan and Weinstein, JJ., concur.